IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| RAYSHAWN RUFUS, individually and as a representative of the class,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTAFF SERVICES, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT WITH JURY DEMAND |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Rayshawn Rufus ("Plaintiff"), by and through his attorneys Brown, LLC and Pianin and Associates, P.C., on behalf of himself and the class set forth below, brings the following Class Action Complaint against Allstaff Services, Inc. and alleges as follows:

**PRELIMINARY STATEMENT**

1. This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against a provider of employment services. Defendant ALLSTAFF SERVICES, INC. (hereinafter "Defendant") violated the FCRA's core protections by procuring background checks on employees and job applicants without providing proper disclosure and/or obtaining authorization. Recognizing that peoples' jobs depend on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use and content of such background checks through the FCRA. 15 U.S.C. § 1681.

2. The FCRA contains several provisions which pertain specifically to the use of consumer reports for employment purposes. In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, the FCRA provides:

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).

3.  The disclosure and authorization requirements are important because they enable consumers to control and correct the information that is being disseminated about them by third parties. Moreover, the disclosures inform consumers about their rights pursuant to the FCRA, rights of which consumers are generally completely unaware.

4.  Consumers have a statutory right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15. U.S.C. §§ 1681g, 1681i. In order to enable consumers to exercise those rights, it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

5.  Defendant has willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures and/or obtaining authorization in the format required by the FCRA.

6.  Defendant has further willfully and systematically violated 15 U.S.C. § 1681b(b)(3) by taking adverse action on Plaintiff and other putative class members based on the procured consumer reports without providing proper pre-adverse action notice, a copy of the report, a written description of rights, and reasonable time to respond to Defendant or dispute the report.

7.  Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages and/or actual damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

**PARTIES**

8.  Defendant Allstaff Services, Inc. allegedly provides employment services. Defendant offers temporary staffing, direct hire, temporary to direct hire, payrolling, and on-site management services. Defendant serves accounting, administrative, call center, medical, banking, legal, technology, theaters, and industrial clients in the State of Arizona.[1]

9.  According to its website, Defendant was first established in 1962 under the name B&B Employment and changed its name to Allstaff Services, Inc. in 2006. Defendant has locations in Phoenix, Mesa, & Tucson and specializes in Manufacturing, Telecommunications, Clerical, Warehouse, IT Services, Medical, etc.[2]

10.  According to the Arizona Corporation Commission, Allstaff Services Inc. maintains a statutory agent at 6730 N SCOTTSDALE RD STE 220, SCOTTSDALE, AZ, 85253.

11.  Plaintiff Rayshawn Rufus is a resident of Phoenix, Arizona.

**JURISDICTION AND VENUE**

12.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

13.  This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in Arizona.

---

[1] See Defendant Allstaff Services, Inc.'s Bloomberg Company Profile: https://www.bloomberg.com/profile/company/0128304D:US (Last Accessed August 19, 2019).

[2] See Defendant's website: www.allstaffaz.com (Last Accessed August 19, 2019).

14. Venue is proper in this District because a substantial portion of the acts giving rise to this action occurred in this District.

### ALLEGATIONS RELATING TO PLAINTIFF RAYSHAWN RUFUS

15. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

16. On or about June 24, 2019, Plaintiff received an offer of employment from Defendant to begin working on or about July 3, 2019.

17. On or around June 25, 2019, Defendant directed an outside consumer reporting agency, Active Screening to provide a consumer report containing information regarding Plaintiff.

18. Defendant's purpose in directing Active Screening to provide a consumer report containing information regarding Plaintiff was to evaluate Plaintiff's eligibility to work for Defendant.

19. Prior to the time at which Defendant directed Active Screening to provide a consumer report containing information regarding Plaintiff, Plaintiff had not been provided with a proper standalone disclosure that a consumer report could be obtained for purposes of his employment.

20. From approximately July 1, 2019 through July 10, 2019 Plaintiff called Defendant regularly to confirm his start date.

21. On or about July 3, 2019, Defendant informed Plaintiff that the results from his background report had not been received and his start date would be moved to approximately July 10, 2019.

22. On or about July 8, 2019, Active Screening furnished a consumer report to Defendant.

23. On or about July 10, 2019, Plaintiff called Defendant and Defendant answered. Defendant verbally notified him that his background check results did not meet Defendant's standards and Defendant had decided to rescind the offer of employment.

24. The consumer report Active Screening furnished to Defendant allegedly bore on Plaintiff's character and general reputation.

25. Based on the information contained in the consumer report obtained from Active Screening, Defendant determined that Plaintiff was ineligible to continue working for Defendant.

26. Plaintiff was not provided a pre-adverse action notice, a copy of the background report, or a summary of his rights under the FCRA.

27. Defendant did not provide Plaintiff with an opportunity to respond to or dispute the results of the background report before taking adverse action against him.

28. Defendant did not provide Plaintiff with a written description of his rights under the FCRA before taking adverse action against him.

29. Defendant did not provide Plaintiff with a copy of the background report they procured before taking adverse action against him.

30. Defendant failed to provide Plaintiff proper adverse action notice with adequate disclosures regarding the outside consumer reporting agency that provided the background report and Plaintiff's rights to free disclosure of the report and to dispute the accuracy of the information contained in the report.

31. On or about July 25, 2019, Plaintiff requested a copy of the background report from Active Screening.

32. Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Plaintiff for employment purposes despite the fact that Plaintiff was not provided with a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes. ("Disclosure Claim").

33. Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Plaintiff for employment purposes despite the fact that Plaintiff did not provide authorization to Defendant to procure the report. ("Authorization Claim").

34. Defendant further willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by taking adverse action—i.e. determining that Plaintiff was ineligible to continue working for Defendants—based on the consumer report without providing Plaintiff with a written description of his rights under the FCRA, a copy of the background report, or reasonable time to dispute the results of the report. ("Adverse Action Claim").

## ALLEGATIONS RELATING TO DEFENDANT'S BUSINESS PRACTICES

35. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

36. Defendant conducts background checks on their job applicants.

37. Defendant does not perform these background checks in-house. Rather, Defendant relies on outside consumer reporting agencies to obtain this information and report it to Defendant.

38. These reports constitute "consumer reports" for purposes of the FCRA.

39. Defendant uses Active Screening as a consumer reporting agency.

40. The FCRA requires that, prior to procuring consumer reports, persons must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure requirements. *See* 15 U.S.C. § 1681b(b).

41. Despite the representations Defendant presumably made to, and the instructions they received from, Active Screening, Defendant systematically failed to provide proper disclosures and/or obtain authorization before procuring consumer reports for employment purposes, and failed to provide written description of rights under the FCRA, copies of background report, and/or reasonable time to respond or dispute consumer reports before taking adverse action.

42.     Defendant's practices violate a fundamental protection afforded to employees under the FCRA, are contrary to the unambiguous language of the statute and are counter to longstanding judicial and regulatory guidance.  In a 1998 advisory opinion letter, the Federal Trade Commission stated: "Section 604(b) of the FCRA requires any employer who intends to obtain a consumer report for employment purposes to disclose this to the applicant or employee (in a document that consists solely of the disclosure) and to obtain the applicant or employee's written permission."[3]

43.     By systematically failing to provide disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2) and (3).

44.     Defendant's willful conduct is reflected by, *inter alia*, the following:

(a) The FCRA was enacted in 1970; AllStaff Services, Inc., which was founded in 1962, has had over 49 years to become compliant;

(b) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c) Defendant knew or had reason to know from their communications with Active Screening that their conduct violated the FCRA;

(d) Upon information and belief, Defendant certified to Active Screening that they would comply with the disclosure requirements of the FCRA;

(e) Defendant repeatedly and routinely failed to provide any disclosure to procure consumer reports;

(f) Despite the explicit statutory text and depth of guidance directing a standalone document, Defendant systematically failed to provide proper disclosures and/or

---

[3] Federal Trade Commission, Advisory Opinion to Hauxwell (06-12-98) (June 12, 1998), available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-hauxwell-06-12-98.

obtain authorization before procuring consumer reports for employment purposes, and failed to provide written description of rights under the FCRA, copies of background report, and/or reasonable time to respond or dispute consumer reports before taking adverse action; and

(g) By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

## CLASS ACTION ALLEGATIONS

45.  Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

46.  Plaintiff asserts the Disclosure and Authorization Claims on behalf of the class defined as follows:

> *Any person whose consumer report was procured by Defendant for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to an including the date of judgment.*

47.  Plaintiff asserts the Adverse Action Claim on behalf of the subclass defined as follows:

> *Any person on whom Defendant has taken adverse action based in whole or in part on any information contained in a consumer report in the period beginning 5 years prior to the filing of the Complaint up to an including the date of judgment.*

48.  <u>Numerosity</u>: The class is so numerous that joinder of all class members is impracticable. Defendant regularly fails to provide any disclosure to procure consumer reports on job applicants. Thousands of employees of Defendant and/or companies for which Defendant provides support services satisfy the class definition.

49. <u>Typicality</u>: Plaintiff's claims are typical of the members of the class. Defendant typically uses an identical disclosure to procure consumer reports on prospective and existing employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with their standard practices.

50. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

51. <u>Commonality</u>: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    (a) Whether Defendant procured consumer reports on prospective and existing employees;

    (b) Whether Defendant violated the FCRA by procuring such consumer reports without a FCRA-compliant disclosure;

    (c) Whether Defendant's FCRA violations were willful;

    (d) The proper measure of statutory damages; and

    (e) The proper measure of punitive damages.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action

will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

53. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendant's records.

### FIRST CLAIM FOR RELIEF
**Procuring Consumer Reports without First Making Proper Disclosures**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

54. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

55. Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and other class members. These reports were procured for employment purposes without Plaintiff or any class members being provided a proper clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

56. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

57. Defendant's procurement of Plaintiff's consumer report without proper disclosure or authorization caused him to sustain actual damages, i.e. lack of knowledge as to the type and scope of consumer report that was going to be procured from a consumer reporting agency, the unauthorized invasion of his privacy, the loss of opportunity to respond to and/or dispute the information in his consumer report, and loss of employment and income.

58. Plaintiff and the class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

60. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CLAIM FOR RELIEF
**Failure to Obtain Authorization**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

61. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

62. Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and other class members. These reports were procured for employment purposes without Plaintiff or any class members giving Defendant authorization to procure the reports in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

63. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

64. Defendant's procurement of Plaintiff's consumer report without authorization caused him to sustain actual damages, i.e. lack of knowledge as to the type and scope of consumer report that was going to be procured from a consumer reporting agency, the unauthorized invasion of his privacy, loss of opportunity to respond to and/or dispute the information in his consumer report and loss of employment and income.

65. Plaintiff and the class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

67. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### THIRD CLAIM FOR RELIEF
**Taking Adverse Action without Complying with 15 U.S.C. § 1681b(b)(3)**
**15 U.S.C. § 1681b(b)(3)**

68. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

69. Pursuant to 15 U.S.C. § 1681b(b)(3), an employer must satisfy these conditions before taking adverse action based on a consumer report:

> (A) In general
> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
>     (i) a copy of the report; and
>
>     (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

70. Congress has clarified that the "employer must [] provide the consumer with *a reasonable period* to respond to any information in the report that the consumer disputes[,] and with written notice and the opportunity and time period to respond." [4]

71. Further, a "reasonable period for the employee to respond to disputed information is not required to exceed 5 business days following the consumer's receipt of the consumer report from the employer." H.R. REP. 103-486 at 40. While four days may not be "reasonable," eight days has been deemed a "reasonable period."[5]

72. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without first sending them pre-adverse action notices, which deprived Plaintiff and other class members of an opportunity to review and address any issues in their reports.

73. Defendant failed to provide Plaintiff and other class members a copy of the procured background report before they took the adverse action against Plaintiff and other class members.

74. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without first providing Plaintiff and other class members with a written description of their rights under the FCRA.

75. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without giving them sufficient time after providing notice, a copy of the report, and a written summary of their rights to allow them to discuss the report with Defendant or otherwise respond before the adverse action was taken.

---

[4] See *Reardon v. ClosetMaid Corp.*, No. 2:08-CV-01730, 2013 WL 6231606, at *13 (W.D. Pa. Dec. 2, 2013); H.R. REP. 103-486 at 40 (1994).

[5] *Id.*

76. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(3)(A)(ii).

77. By taking adverse action against Plaintiff without first providing him with a pre-adverse action notice, a copy of the background report, a written description of his FCRA rights, and reasonable time to respond or dispute the report's findings before the adverse action was taken, Defendant caused him to sustain actual damages, i.e. loss of opportunity to respond to and/or dispute the information in her consumer report and loss of employment and income.

78. Plaintiff and the class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

79. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

80. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

81. WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief as follows:

    (a) Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    (b) Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the class;

    (c) Issuing proper notice to the class at Defendant's expense;

    (d) Declaring that Defendant committed multiple, separate violations of the FCRA;

(e) Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendant's obligations under the FCRA;

(f) Awarding actual, statutory and/or punitive damages as provided by the FCRA;

(g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and awarding an incentive award for the lead plaintiff; and

(h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the class demand a trial by jury.

RESPECTFULLY SUBMITTED,

Dated: December 24, 2019        By:   /s/ *Jason T. Brown*

Jason T. Brown*
Nicholas Conlon*
Lotus Cannon*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
lotus.cannon@jtblawgroup.com
* to be admitted Pro Hac Vice

*Lead Counsel for Plaintiff*

Michael Pianin
Pianin and Associates, P.C.
316 E. Flower St.
Phoenix, AZ 85012
(602) 358-0088

*Local Counsel for Plaintiff*